1  **BRYAN CAVE LLP**
   Robert A. Padway, California Bar No. 48439
2  Berrie R. Goldman, California Bar No. 246061
   Two Embarcadero Center, Suite 1410
3  San Francisco, CA 94111-3907
   Telephone:    (415) 675-3400
4  Facsimile:    (415) 675-3434
   Email:        berrie.goldman@bryancave.com
5                robert.padway@bryancave.com

6  **BRYAN CAVE LLP**
   Robert E. Boone III, California Bar No. 132780
7  120 Broadway, Suite 300
   Santa Monica, CA  90401-2386
8  Telephone:    (310) 576-2100
   Facsimile:    (310) 576-2200
9  Email:        reboone@bryancave.com

10

11 Attorneys for Defendants
   COUNTRYWIDE HOME LOANS, INC., d/b/a AMERICA'S WHOLESALE LENDER (also
   sued as BANK OF AMERICA HOME LOANS); RECONTRUST COMPANY, N.A.; and
12 MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

13                 **UNITED STATES DISTRICT COURT**

14                 **EASTERN DISTRICT OF CALIFORNIA**

15

16 SVETLANA TISKIY                          Case No.

17            as individuals;              **NOTICE OF REMOVAL OF ACTION
                                           TO UNITED STATES DISTRICT
18            Plaintiffs,                   COURT UNDER 28 U.S.C. §§ 1331,
                                           1441(b) (FEDERAL QUESTION)**
19            v.
                                           (Placer County Superior Court Case No.
20 BANK OF AMERICA HOME LOANS;             SCV25779)
   COUNTRYWIDE HOME LOAN;
21 AMERICA'S WHOLESALE LENDER;
   RECONTRUST COMPANY, N.A.; and
22 MORTGAGE ELECTRONIC
   REGISTRATION SYSTEMS, INC.
23
              Defendants.
24

25

26

27

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

1  TO PLAINTIFF SVETLANA TISKIY, HER ATTORNEY OF RECORD, AND THE

2  CLERK OF THE ABOVE-ENTITLED COURT:

3      PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants

4  Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender ("CHL"), ReconTrust

5  Company, N.A. ("ReconTrust") and Mortgage Electronic Registration Systems, Inc. ("MERS")

6  (collectively "Defendants") hereby remove the above-referenced action from the Superior Court

7  for the State of California, County of Placer, to the United States District Court for the Eastern

8  District of California, and in support of this removal state as follows:

9                              **PROCEDURAL HISTORY**

10     1.     On September 9, 2009, Plaintiffs filed a Complaint in the Superior Court of the

11  State of California, County of Placer, entitled *Svetlana Tiskiy vs. Bank of America Home Loans, et*

12  *al.*, Placer County Superior Court Case No. SCV25779 (the "State Court Action").    The

13  Complaint asserts a total of nine causes of action against Defendants, including a claim of Quiet

14  Title Action, Rescission Based on Violation of Section 1632 Of California Civil Code, Rescission

15  Based on Fraud, Unfair Debt Collection Practices, Unfair Business Practices (Section 17200

16  Business and Professions Code, et seq.), Breach of Fiduciary Duty, Breach of the Implied

17  Covenant of Good Faith and Fair Dealing, Violation of 15 U.S.C. Section 1639, and Declaratory

18  and Injunctive Relief.

19     2.     CHL accepted service of the Complaint and Summons through a Notice of

20  Acknowledgment of Receipt on October 26, 2009.  Upon information and belief, ReconTrust and

21  MERS have not been served.  A true and correct copy of the Complaint and Summons is attached

22  as Exhibit "1."  A true and correct copy of the Notice of Acknowledgment of Receipt is attached

23  as Exhibit "2."

24                              **TIMELINESS OF REMOVAL**

25     3.     CHL accepted service of the Complaint and Summons through a Notice of

26  Acknowledgment of Receipt on October 26, 2009.  Upon information and belief, ReconTrust and

27  MERS have not been served.  This Notice of Removal is being filed on November 24, 2009 and is

28  timely under 28 U.S.C. § 1446(b).

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

**BASIS FOR REMOVAL JURISDICTION**

4.     This action is a civil action in which this Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1331, and the State Court Action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that Plaintiffs allege violations of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. Title 41, Subchapter V Sections 1692 et seq.; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. Sections 2601 to 2617; and 15 U.S.C. Section 1639(h).   (*See* Compl. ¶¶ 38, 42, 56, 60, and 61).

**PROCEDURES FOR REMOVAL**

5.     The Complaint and Summons attached hereto as Exhibit "1" and the Notice of Acknowledgment of Receipt attached hereto as Exhibit "2" constitute all process, pleadings, and orders received by Defendants in the State Court Action.  28 U.S.C. § 1446(a).

6.     Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a copy of this Notice of Removal with the Superior Court of the State of California for the County of Placer, and are serving a copy of the same upon Plaintiff.

**NOTICE TO STATE COURT**

7.     A copy of this Notice of Removal is being filed with the Clerk of the Superior Court for the County of Placer as an exhibit to the Notice to Adverse Party and State Court of Removal of Civil Action to Federal Court being filed in that court.  A copy of the Notice to Adverse Party and State Court being filed in state court is attached hereto (without exhibits) as Exhibit "3."

WHEREFORE, Defendants hereby give notice that the above action now pending in the Superior Court of the State of California for the County of Placer is removed in its entirety to this Court.

///

///

///

///

///

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

1   Dated: November 24, 2009

**BRYAN CAVE LLP**
Robert A. Padway
Berrie R. Goldman


By: _/s/ Berrie R. Goldman_
       Berrie R. Goldman
       Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC.,
d/b/a AMERICA'S WHOLESALE LENDER
(also sued as BANK OF AMERICA HOME
LOANS), RECONTRUST COMPANY, N.A., and
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

SF01DOCS\15278.1

4

# EXHIBIT 1

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Svetlana Tiskiy<br>6405 Cosmos Ct<br>Rocklin, CA 95677<br><br>TELEPHONE NO.: 916-640-6827    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | RECEIVED<br><br>SEP 17 '09<br><br>FL - LOPD |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Placer
STREET ADDRESS: 10820 Justice Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Roseville, CA 95678
BRANCH NAME: Bill Santucci Justice Center

PLAINTIFF/PETITIONER: Svetlana Tiskiy

DEFENDANT/RESPONDENT: Bank of America Home Loans

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: |
|---|---|

TO *(insert name of party being served)*: Bank of America Home Loans

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 09/10/2009

Vira Feytser
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

LEGAL DEPARTMENT
RECEIVED

SEP 24 2009

SAN FRANCISCO.
BANK OF AMERICA, N.A.

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☐ A copy of the summons and of the complaint.
2. ☑ Other *(specify)*:
   Request of Production of Document
   Proof of Service
   Notice of Acknowledgement of Receipt

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.USCourtForms.com |

FedEX - FL LOP

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Svetlana Tiskiy<br>6405 Cosmos Ct<br>Rocklin, CA 95677<br><br>TELEPHONE NO.: 916-640-6827    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Placer
STREET ADDRESS:  10820 Justice Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE:  Roseville, CA 95678
BRANCH NAME:  Bill Santucci Justice Center

| PLAINTIFF/PETITIONER: Svetlana Tiskiy | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Bank of America Home Loans | |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*    (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    **or** [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Svetlana Tiskiy | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Bank of America Home Loans | |

5. c. ☑ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*  (2) from *(city):*

(3) ☑ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of *(specify):*
under the following Code of Civil Procedure section:

☐ 416.10 (corporation)   ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)   ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
☐ 416.50 (public entity)   ☐ 415.46 (occupant)
☐ other:

7. **Person who served papers**
a. Name: Vira Feytser
b. Address: 5239 Water Lily Ln. Rocklin, CA 95677
c. Telephone number: 916-640-6827
d. **The fee** for service was: $
e. I am:
(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☐ a registered California process server:
(i) ☐ owner ☐ employee ☐ independent contractor.
(ii) Registration No.:
(iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 09/10/09

Vira Feytser
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
PLACER COUNTY
SUPERIOR COURT OF CALIFORNIA

SEP 09 2009

EXECUTIVE OFFICER & CLERK
By Brandi Burke Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Bank of America Home Loans, Countrywide Home Loan, America's Wholesale Lender, Recontrust Company, N.A.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Svetlana Tiskiy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: *(Número del Caso):* SCV 25375 |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | |

Superior Court of California County of Placer
10820 Justice Center Drive, Roseville, CA 95678

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Svetlana Tiskiy, 6405 Cosmos Ct. Rocklin, CA 95677 *** 916-640-6827

| DATE: 09/09/2009 *(Fecha)* | Clerk, by *(Secretario)* | B. Burke | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

Svetlana Tiskiy
6405 Cosmos Court
Rocklin, CA 95677
916-640-6827
IN PRO PER

FILED
PLACER COUNTY
SUPERIOR COURT OF CALIFORNIA

SEP 0 9 2009

EXECUTIVE OFFICER & CLERK
By Brandi Burke Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF Placer
Placer COURT
CIVIL DIVISION

LIMITED JURISDICTION

| | |
|---|---|
| SVETLANA TISKIY ) | Case No: ~~SUV 23~~ |
| as individuals; ) | |
| ) | |
| PLAINTIFFS ) | Unlimited Jurisdiction |
| ) | |
| v. ) | VERIFIED COMPLAINT FOR: |
| Bank of America HOME LOANS ) | |
| COUNTRYWIDE HOME LOAN ) | |
| AMERICA'S WHOLESALE LENDER ) | |
| RECONTRUST COMPANY,N.A ) | 1. Quiet Title Action; |
| ) | 2. Rescission Based on Violation of |
| and MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSMEMS, INC ) | 1632 of Cal. Civil Code |
| DOES 1 thru 67 ) | 3. Rescission Based on Fraud |
| ) | 4. Unfair Debt Collection |
| ) | Practices; |
| DEFENDANTS ) | 5. Unfair Business Practices; |
| | 6. Breach of Fiduciary Duty; |
| | 7. Breach of Covenant of Good |
| | Faith and Fair Dealing; |
| | 8. Violation of 15 U.S.C.    Section |
| | 1639(H); and |
| | 9. Declaratory and Injunctive |
| | Relief |

Page 1

**Plaintiffs, SVETLANA TISKIY alleges as follows:**

## PARTIES

1. At all times mentioned herein, Plaintiffs were and are individuals residing in the County of PLACER, and the owners in possession of the subject real property located at 6405 COSMOS COURT ROCKLIN, CA 95677, County of PLACER, State of California APN 046-500-030(hereinafter "SUBJECT PROPERTY").

2. Plaintiff was the Trustor a deed of trust recorded (hereinafter "Deed of Trust"), in the Office of the Recorder of PLACER, California. The original beneficiary or the Trust was AMERICA'S WHOLESALE LENDER organized and exiting under the law of the state of NEW YORK has a business address of 225 WEST HILLSREST DR, MSN TO-02, THOUSAND OAKS, CA 91360. A true and correct copy of the First Deed of Trust dated NOVEMBER 07 2006 is attached hereto and incorporated as **(Exhibit A)**.

3. Upon information and belief, Plaintiffs allege that COUNTRYWIDE/ Bank of America HOME LOANS. Lender's address is  100 North Teton street Charlotte NC 28255, was and is a business, from unknown. RECONTRUST COMPANY,N.A is the original trustee and successor in interest of the First Deed of Trust held by MORTGAGE ELECTRONIC REGESTRATION SYSTEMS "MERS", and is providing Trustee services for defendants.

4. Upon information and belief, Plaintiffs allege that COUNTRYWIDE HOME LOAN/ Bank of America HOME LOANS and  RECONTRUST COMPANY. is providing Trustee and foreclosure services for Defendants, and has a Trustee's Sale date set for August 19, 2009. A true and correct copy of the Notice of Trustee's Sale, dated AUGUST 03. 2009 is attached hereto and incorporated as **(Exhibit C)**.

5.  Plaintiff is informed and believes, and on that basis alleges, that

    Defendant Mortgage Electronic Registered Systems Inc, ("MERS") is a

    business, form unknown, that is not registered to do business in the state

    of California. MERS's registered agent for the service of process in

    Delaware is Corporation Trust Company: 1209 Orange Street, Wilmington, DE

    19801 is attached hereto and incorporated as **(Exhibit D)**.

6.  Plaintiffs are ignorant of the true identity and capacity of Defendants

    designated as DOES 1 TO 67, but will amend the Complaint when their true

    identities have been ascertained according to proof at the time of trial.

    Plaintiffs allege on information and belief, however, that each and every

    doe defendant is in some manner responsible for the acts, and conduct of

    other Defendants, and were, and are responsible for the injuries, damages,

    and harm, incurred by Plaintiffs.  Plaintiffs further allege on

    information and belief that each such designated Defendants acted, and

    acts, as the authorized agent, representative, and associate of other

    defendants in doing the things alleged.

### VENUE AND JURISDICTION

7.  Venue is proper in this Court, as the SUBJECT PROPERTY is located within

    its Jurisdiction. A true and correct copy of the Legal Description is

    attached hereto and incorporated herein as **(Exhibit B )**.

### BACKGROUND FACTS

8.  Plaintiffs are individuals whose primary language is Russian.  On or about

    November 07, 2006, Plaintiffs purchased the SUBJECT PROPERTY.  Plaintiffs

    are also the owners in fee of the SUBJECT PROPERTY.

9.  On or about November 07, 2006 Plaintiffs purchased the SUBJECT PROPERTY

    through Lender is Bank of America HOME LOANS /COUNTRYWIDE, AMERICA'S

    WHOLESALE LENDER organized and exiting under the law of the state of NEW

    YORK. At the time of the purchase, Plaintiffs were presented with loan

documents in the English language.  Plaintiffs were never given any

Russian language translation of the loan documents, and were not assisted

in any manner by Bank of America HOME LOANS /COUNTRYWIDE HOME LOAN with

their lack of facility with the English language terms.

10. On or about November 07, 2006, Plaintiffs entered into the loan agreement,

a First Deed of Trust in the sum of $416,473.43 through Bank of America

HOME LOANS/COUNTRYWIDE HOME LOAN. The loan was dubbed a Adjustable Rate

Mortgage, which featured a starting interest rate of 5.625%,will never be

greater than 10.625% a thirty year term, and a starting monthly payment of

$1.952.22. **The** loan was originated based upon Plaintiffs' stated rather

than verified income.

11. On or about April 15. 2009, Plaintiffs were served with a Notice of

Default and Election to Sell Under Deed of Trust (**Exhibit C)** by RECONTRUST

COMPANY, based upon Plaintiffs' inability to pay the monthly mortgage

payment on the loan, in that Plaintiffs did not have the financial ability

to meet their mortgage obligations based on their income.  The Notice of

Default was not in the Russian language.

12. Plaintiffs allege that on or about August 03.2009  they received a Notice

of Trustee's Sale, which notice was sent by RECONTRUST COMPANY. setting

the non-judicial sale of the property on for August 19, 2009 (**Exhibit D)**.

The Notice of Trustee's Sale was not in the Russian language.

13. Plaintiff alleges upon information and belief that Defendant, RECONTRUST

COMPANY. is not the holder of the note identified in the security

instrument identified in the Notice of Trustee's Sale attached hereto as

**Exhibit D** and at **Exhibit A.** Plaintiffs further allege that Bank of America

HOME LOANS/COUNTRYWIDE HOME LOAN does not have the right to direct

RECONTRUST COMPANY. to foreclose and sell the SUBJECT PROPERTY owned by

Plaintiffs.  Defendants are now put on notice of Plaintiffs' claim, and

demand has been made of Defendants, especially Bank of America HOME LOANS /COUNTRYWIDE HOME LOAN and RECONTRUST COMPANY, to suspend any foreclosure sale unless and until they have obtained proof that they actually have in their possession the original Promissory Note properly endorsed to them, or assigned to them.

### FIRST CAUSE OF ACTION

### FOR QUIET TITLE

### AGAINST ALL DEFENDANTS

14. Plaintiffs reallege and incorporate by reference all allegations of paragraphs 1 to 13 of the Verified Complaint, as though herein fully set forth.

15. Plaintiffs are the owners of the SUBJECT PROPERTY per the Deed of Trust executed by Plaintiffs, and as evidenced as **Exhibit A.**

16. The basis of Plaintiffs interest in title is the Deed of Trust from Defendants, granting the SUBJECT PROPERTY to Plaintiffs, and recorded in the Official Records of the County of PLACER.

17. Plaintiffs are seeking to quiet title against claims of Defendants as follows:  Defendants are seeking to hold themselves out as the fee simple owners of the subject property, when in fact Plaintiffs have an interest in such property held by Defendants, when Defendants have no right, title, interest, or estate in the SUBJECT PROPERTY, and Plaintiffs interest is adverse to defendants' claims of ownership.

18. Plaintiffs seek to QUIET TITLE.

19. Plaintiffs therefore seek a judicial declaration that the title to SUBJECT PROPERTY is vested in Plaintiffs name alone and that Defendants Bank of America HOME LOANS /COUNTRYWIDE HOME LOAN and RECONTRUST COMPANY, herein and each of them, be declared to have no estate, right, title, or interest in the SUBJECT PROPERTY and that said Defendants and each of them, be

forever enjoined from asserting any estate, right, title or interest in

the SUBJECT PROPERTY, adverse to Plaintiff herein.

## SECOND CAUSE OF ACTION    FOR

## RECISSION BASED ON VIOLATION OF SECTION 1632 OF THE

## CAL.CIV.CODE

### AGAINST ALL DEFENDANTS

20. Plaintiffs reallege and incorporate by reference the allegations of
paragraphs 1 to 18 of the Verified Complaint, as though herein fully set
forth.

21. Plaintiffs allege that pursuant to **Section 1632(b)** and **(e)** of the
California Civil Code, any person engaged in a trade or business who negotiates
primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean, in the course of
entering into any contract or agreement, a loan or extension of credit secured by
property, or into a consumer lending transaction, must include a translation of every
term and condition in that contract or agreement.

22. Plaintiffs allege that Russian is their primary language, with which they
transact business, and interact daily with other Russian speaking persons.

23. Plaintiffs allege that from NOVEMBER 07,2006, when they originally started
their negotiations with Bank of America HOME LOANS/COUNTRYWIDE HOME LOAN
and thereafter, Defendant Bank of America HOME LOANS /COUNTRYWIDE HOME
LOAN did not disclose to Plaintiffs that they had a statutory duty to
provide Plaintiffs with a Russian translation of the loan documents, and
of the Notice of Default and the Notice of Trustee's Sale per Sections
1632 and 2924 et seq. of the California Civil Code.

24. Plaintiffs allege that in the absence of any Russian to English
translation of the terms of the loan, Plaintiffs relied upon Defendants'
knowledge, expertise, and good faith to protect Plaintiffs interest

through the loan process. Plaintiffs further allege that Defendants did not at any time inform them that they had a right to have the loan documents translated into Russian.

25. Plaintiffs allege that Defendant Bank of America HOME LOANS /COUNTRYWIDE HOME LOAN in derogation and intentional disregard of their statutory duty to provide Plaintiffs with a Russian language translation of the terms of the loan, proceeded with the origination of the loan with English language terms, and closed the transaction on or about November 07,2006. The Defendants also failed to Bank of America HOME LOANS /COUNTRYWIDE HOME LOAN provide Plaintiffs with Russian warnings and notices as to the Notice of Default and Notice of Trustee's sale.

26. Plaintiffs allege that in the absence of such disclosures, Plaintiffs justifiably relied upon Defendant to complete the loan transaction. Had Defendant disclosed their statutory duty to Plaintiffs, Plaintiffs would have demanded a Russian translation of the loan documents, from which they could have made a decision to enter into the loan.

27. Plaintiffs allege that the fraudulent conduct of I has caused Plaintiffs to incur costs and expenses in addition to the prospect of losing the SUBJECT PROPERTY to a trustee's sale.

28. Plaintiffs allege that based upon the fraud perpetrated upon them by Defendants, and each of them, the Deeds of Trust and the loan agreement of November 07,2006 must be rescinded.

29. Plaintiffs allege that the conduct of Defendants, was oppressive, malicious, and fraudulent, and undertaken with complete disregard for Plaintiffs legal and property rights, thus, entitling Plaintiffs to punitive and exemplary damages according to proof at trial.

i.      Plaintiffs were not give the option of an

interpreter to clarify loan documents,  as English is Plaintiffs second

language.

ii.     Plaintiffs request **(ORIGINAL PROMISSORY NOTE)** created on November

07,2006 **(Exhibit E)**.

### THIRD CAUSE OF ACTION FOR

### RECISSION BASED ON FRAUD (NON-DISCLOSURE

### AGAINST ALL DEFENDANTS

30. Plaintiffs reallege and incorporate by reference the allegations of

paragraphs 1 to 28 of the Verified Complaint, as though herein fully set

forth.

31. Plaintiffs allege that on or about AUGUST 25, 2006, when Plaintiffs

applied for the loan on the SUBJECT PROPERTY, Defendants COUNTRYWIDE HOME

LOAN failed to disclose to PlaintiffS that their income would be

insufficient to repay the loan.

32. Plaintiffs allege that  and t Bank of America HOME LOANS

/COUNTRYWIDE HOME LOAN heir successor Trustee Recontrust Company failed to

inform Plaintiffs that they had a right to receive the Notice of Default

and Notice of Trustee's Sale in the Russian language to satisfy due

process requirements of notice, especially in light of the real

probability and the imminent danger of losing their home on August 19,

2009.  Plaintiffs further allege that these Defendants intentionally

failed to disclose the foregoing facts as of NOVEMBER 07, 2006 and

thereafter, continued to keep this material information from Plaintiffs.

Had Plaintiffs known that Defendants were intentionally not disclosing

these material facts, Plaintiffs would not have permitted Defendants to

originate the loan, or in the least would have considered other options to

purchase.  In justifiable reliance, however, upon Defendants expertise,

knowledge, and experience in the real estate, lending and finance industries, Plaintiffs entered into the loan regarding the SUBJECT PROPERTY on or about November 07, 2006.  Plaintiffs further allege that their reliance upon Defendants' initial representations, or lack thereof, was reasonable in that Plaintiffs did not have the knowledge, expertise, or experience necessary to understand the intricacies of a loan finance transaction, and relied upon defendants to truthfully and in good faith process the loans.

33. Plaintiffs allege that  and Bank of America HOME LOANS /COUNTRYWIDE HOME LOAN their successor Trustee and RECONTRUST COMPANY are proceeding toward a Trustee's Sale of the SUBJECT PROPERTY commonly known as 6405 COSMOS COURT, ROCKLIN CA 95677, when the true facts are that Defendants have no present right to initiate foreclosure under the security instrument identified in the Notice of Trustee's Sale attached as **Exhibit D,** nor do they have the right to direct any company, inclusive of RECONTRUST COMPANY, to foreclose and sell the SUBJECT PROPERTY owned by Plaintiffs.

34. Plaintiffs allege that the fraudulent conduct of Defendants has caused Plaintiffs to incur costs and expenses in addition to the prospect of losing the SUBJECT PROPERTY to a trustee's sale.

35. Plaintiffs allege that based upon the fraud perpetrated upon them by Defendants, and each of them, the Deeds of Trust and the loan agreement of November 07, 2006, must be rescinded.

36. Plaintiffs allege that the conduct of Defendants, and each of them, was oppressive, malicious, and fraudulent, and undertaken with complete disregard for Plaintiffs legal and property rights, thus, entitling Plaintiffs to punitive and exemplary damages according to proof at trial.

## FOURTH CAUSE OF ACTION

### FOR UNFAIR DEBT COLLECTION PRACTICES

### AGAINST ALL DEFENDANTS

37. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 to 36 of the Verified Complaint, as though herein fully set forth.

38. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, in taking the actions aforementioned, have violated provisions of California's Rosenthal Fair Debt Collection Practices Act, including but not limited to **Section 1788 (e)** and **(f)** of the **California Civil Code**, and the Federal Fair Debt Collections Act, 15 U.S.C. Title 41, Sub chap. V Sections 1692 et seq, and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. Sections 2601 to 2617.

39. Plaintiff alleges that in light of the above-stated statutory violations, a Court order must issue enjoining Defendants  and Bank of America HOME LOANS /COUNTRYWIDE HOME LOAN their successor Trustee RECONTRUST COMPANY from proceeding with the non-judicial foreclosure and collection of the alleged indebtedness on the loan.

### FIFTH CAUSE OF ACTION

### FOR UNFAIR BUSINESS PRACTICES (SECTION 17200 BUSINESS AND PROFESSIONS CODE, ET. SEQ.

### AGAINST ALL DEFENDANTS

40. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 to 38 of the Verified Complaint, as though herein fully set forth.

41. Plaintiffs allege that the statutory violations and unlawful practices and acts of Defendants, and each of them, aforementioned in this Complaint,

constitute unlawful business acts and/or practices within the meaning of **California Business and Professions Code Sections 17200 et seq.**

42. Plaintiffs allege that by engaging in the above-described acts and/or practices as alleged herein, Defendants Bank of America HOME LOANS /COUNTRYWIDE HOME LOAN violated several laws and/or regulations and said predicated acts therefore per se violations of **Section 17200, et. Seq.** These predicate unlawful business acts and/or practices including Defendants' failure to comply with the disclosure requirements of **Section 1632 of Cal. Civil Code,** California's Rosenthal Fair Debt Collection Practices Act, including but not limited to **Section 1788 (e) and (f)** of the **California Civil Code,** and the Federal Fair Debt Collections Act, 15 U.S.C. Title 41, Sub chap. V Sections 1692 et. Seq, and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. Sections 2601 to 2617.

43. Plaintiffs allege that Defendants' misconduct, as alleged herein, gave, and have given, Defendants an unfair competitive advantage over their competition.

44. Plaintiffs allege that as a direct and proximate result of the aforementioned acts, Defendants have prospered and benefitted from Plaintiffs by collecting mortgage payments, and stand to foreclose on SUBJECT PROPERTY, thereby completing their unjust enrichment.

45. Plaintiffs seek the imposition of a constructive trust over, and restitution of, the monies collected and realized by Defendants.

46. As a direct and proximate result of Defendants' unlawful conduct alleged herein, Plaintiffs have lost hundreds of thousands of dollars in equity in their home, and have suffered injury in fact, and are in imminent danger of losing their home, the SUBJECT PROPERTY.

47. Plaintiffs allege that they are entitled to equitable relief, including restitution, restitutionary disgorgement of all profits accruing to

Defendants because of their unlawful and deceptive practices and acts,

costs, declaratory relief, and a permanent injunction enjoining Defendants

from their unlawful activity.

### SIXTH CAUSE OF ACTION

### FOR BREACH OF FIDUCIARY DUTY

### AGAINST ALL DEFENDANTS

48. Plaintiffs reallege and incorporate by reference the allegations

contained in paragraphs 1 to 46 of the Verified Complaint as though herein

fully set forth.

49. Plaintiffs allege that Defendants, and each of them, as the lender,

trustee, and loan officer whom was employed by , had Bank of America HOME

LOANS /COUNTRYWIDE HOME LOAN, and have, a fiduciary duty to Plaintiffs to

advise them and place them on notice of all disclosures that are required

by law, especially in a real estate loan transaction, and to provide

Plaintiffs with facts from which Plaintiffs could make a determination as

to their need to either purchase the SUBJECT PROPERTY or to be able to

qualify for the loan on the SUBJECT PROPERTY.

50. Plaintiffs allege that on or about November 07, 2006, and thereafter,

defendants, and each of them, breached their fiduciary duty as lender,

trustee, and loan officer, by failing to provide Plaintiffs with the

disclosure notices required pursuant to Section 1632 of the California

Civil Code.

51. Plaintiffs allege that as a direct and proximate breach of Defendants'

duty of care toward Plaintiffs, Plaintiffs have been damaged and injured

both at equity and law, in that Plaintiffs property is scheduled to be

sold at a Trustee's Sale on August 19, 2009.  Plaintiffs have no other

remedy at law to address Defendants' breaching conduct, other than to

obtain a stay of the foreclosure proceedings to address Defendants' wrongful conduct.

52. Plaintiffs further allege that as a direct and proximate result of Defendants' breach of their fiduciary duty to Plaintiffs, Plaintiffs have incurred compensatory damages in a sum according to proof at trial.

**SEVENTH CAUSE OF ACTION**

**FOR BREACH OF THE IMPLIED COVENANT OF**

**GOOD FAITH AND FAIR DEALING**

**AGAINST DEFENDANTS AND DOES 1 thru 67**

53. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 to 51 of the Verified Complaint as though herein fully set forth.

54. Plaintiffs allege that implied in every contract there exists a covenant that parties to an agreement will deal fairly and at arms length with one another, and will deal in good faith to accomplish the objectives of the agreement.

55. Plaintiffs reallege that on or about NOVEMBER 07, 2006, and thereafter, breach Bank of America HOME LOANS /COUNTRYWIDE HOME LOAN  the implied covenant of good faith and fair dealing when they used their superior knowledge in the real estate, lending, and finance industries to intentionally hide the fact that  Bank of America HOME LOANS /COUNTRYWIDE HOME LOAN were obligated to inform Plaintiffs that Plaintiffs could not qualify for the loan based on their stated income only.

56. Plaintiffs allege that in complete disregard of their duty pursuant to Section 1632 of the California Civil Code, and of 15 U.S.C. Section 1639(h),  origin Bank of America HOME LOANS /COUNTRYWIDE HOME LOAN originated the loan, thus breaching the implied covenant of good faith and fair dealing.

57. Plaintiffs allege that the breaching conduct of  has Bank of America HOME

    LOANS /COUNTRYWIDE HOME LOAN led to the imminent loss of the SUBJECT

    PROPERTY by way of non-judicial foreclosure, and the incurring of

    compensatory damages in a sum not less than $540,049.00

## EIGHTH CAUSE OF ACTION

### FOR VIOLATION OF 15 U.S.C. SECTION 1639

### AGAINST DEFENDANTS AND DOES 1 thru 67,INCLUSIVE

58. Plaintiffs reallege and incorporate by reference the allegations contained

    in paragraphs 1 to 56 of the Verified Complaint as though herein fully set

    forth.

59. Plaintiff alleges that on or before November 07, 2006, Defendants  failed

    to verify Plaintiffs ability to repay the loan, instead manufacturing

    facts and figures, and documents to justify Plaintiffs ability to repay

    the loans.  Plaintiffs allege upon information and belief that Bank of

    America HOME LOANS /COUNTRYWIDE HOME LOAN  engaged in these unlawful

    actions to facilitate and justify their own Bank of America HOME LOANS

    /COUNTRYWIDE HOME LOAN greed and need for funds from Plaintiffs, who

    realistically could not have carried the burden of the home loan.

60. Plaintiffs allege on information and belief that  in violation of 15

    U.S.C. Section 1639(h) proceeded to originate the loan by COUNTRYWIDE HOME

    LOAN lowering their own underwriting standards, and provided funding to

    Plaintiffs with the entire indebtedness of $540,049.00 upon Plaintiffs

    shoulders, which after three years became financially unbearable and

    burdensome, such that Plaintiffs have defaulted on the loan, and are now

    in imminent danger of losing their home to a non-judicial foreclosure

    sale.

61. Plaintiffs allege that Bank of America HOME LOANS /COUNTRYWIDE HOME LOAN

    violation of 15 U.S.C. Section 1639(h) may be remedied only by rescission

of the loan, and the payment of compensatory damages to Plaintiff in a sum

to make Plaintiffs whole.

## NINTH CAUSE OF ACTION

## DECLARATORY AND INJUNCTIVE RELIEF

## AGAINST ALL DEFENDANTS

62. Plaintiffs reallege and incorporate by reference the allegations contained

in paragraphs 1 to 60 of the Verified Complaint as though herein fully set

forth.

63. Plaintiffs allege that an actual controversy exists as to the following

issues:

a.     Plaintiffs contend that the loan agreement of November 07, 2006, is void

based upon Defendants' violation of disclosure requirements, and other statutory

provisions described herein.  However, it is Defendants' contention that they have the

right to pursue their remedies under the November 07.2006, loan agreement;

b.     Plaintiffs contend that the scheduled non-judicial foreclosure sale of

August 19, 2009, is improper in that defendants are not holders of the original note

of the SUBJECT PROPERTY.  However, it is Defendants' contention that they are holders

of the original note as assignees of the same, and have the right to proceed with the

non-judicial foreclosure of the SUBJECT PROPERTY at any time.

c.     Plaintiffs contend that Defendants' failed to provide Plaintiffs with full

disclosure of the terms of the loans and as such the entire loan transaction is

subject to rescission.  However, Defendants' contend that full disclosure was made to

Plaintiffs, and the terms of the loan agreement are in valid and in full legal force.

64. Plaintiffs desire a judicial determination of their rights and duties, and

a declaration as to the validity of the purchase money loan agreements,

loan transactions, and Defendants' right to proceed with the non-judicial

foreclosure of the SUBJECT PROPERTY.

65. Plaintiffs allege that a judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiffs may ascertain their rights under the Contracts and as to Defendants' right to proceed with the non-judicial foreclosure of the SUBJECT PROPERTY.

66. Plaintiffs allege that Defendants' actions have undermined their right to the SUBJECT PROPERTY and have interfered, and continue to interfere with Plaintiffs right of possession as the owner of the SUBJECT PROPERTY.

67. By the actions above and set forth herein, Plaintiffs have a strong likelihood of prevailing on the merits of the case. Plaintiffs request that this court grant a Preliminary Injunction and Temporary Restraining Order and Injunctive Relief under **CCP Section 527** and **Cal. Rules of Court Section 3.1150,** first as to the sale of the SUBJECT PROPERTY (i.e. Plaintiff's home) and secondly a permanent injunction precluding Defendants from engaging in the wrongful conduct indentified herein in the future.

**WHEREFORE PLAINTIFFS PRAY FOR JUDGEMENT AGAINST DEFENDANTS, AND EACH OF THEM AS FOLLOWS:**

1. That the scheduled foreclosure of Plaintiffs home is deemed illegal and void and the same be permanently enjoined;

2. That the November 07, 2006 loan transaction be deemed void as a result of Defendants' various fiduciary breaches;

3. That the actions of all Defendants be determined to be unfair and deceptive business practices in Violation of California law and that this Court award all such relief to Plaintiffs as Plaintiffs may be entitled, including treble damages and an award of costs;

4. That the actions of Defendants be determined in violation of Cal. Civil Code Section 1632, California's Rosenthal Fair Debt Collection Practices Act, including but not limited to **Section 1788 (e)** and **(f)** of the **California Civil**

**Code,** and the Federal Fair Debt Collections Act, 15 U.S.C. Title 41, Sub chap. V

Sections 1692 et seq., and the Real Estate Settlement Procedures Act (RESPA), 12

U.S.C. Sections 2601 to 2617, which violations cause the rescission of the

November 07, 2006 loan contract, and disgorgement of any and all payments made

by Plaintiffs to Defendants;

5. A permanent injunction precluding defendants, and each of them, from engaging in

the wrongful conduct identified herein;

6. For compensatory damages against Defendants not less than $540,049.00

7. For punitive and exemplary damages against defendants in a sum according to

proof at trial;

8. For award for reasonable costs of suit incurred; and

9. For any other relief the Court may deem just and proper.


Dated: _09/09/09_

_S. Tiskiy_
SVETLANA TISKIY

*OID Republic*
*2011006861*

PLACER, County Recorder
JIM MCCAULEY
DOC- 2006-0125496-00
Acct 108-OLD REPUBLIC TITLE
Tuesday, NOV 21, 2006 14:30:00
MIC   $3.00:AUT   $22.00:SBS   $21.00
REC   $24.00:

Ttl Pd   $70.00     Nbr-0001572885
                    smm/SM/1-22

Recording Requested By:
K. POCHY

**RECORDING REQUESTED BY**
**OLD REPUBLIC TITLE CO.**

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.

MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

Prepared By:
LUCRETIA WILSON

*APN 046-500-030-000*

—————————— |Space Above This Line For Recording Data| ——————————

2011006861-BG              00015286980611006
[Escrow/Closing #]              [Doc ID #]

# DEED OF TRUST

MIN 1000157-0007410227-4

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3,
11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in
Section 16.

**(A) "Security Instrument"** means this document, which is dated   NOVEMBER 07, 2006   , together
with all Riders to this document.
**(B) "Borrower"** is
SVETLANA TISKIY, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS

Page 1 of 16

VMP -6A(CA) (0207)   CHL (08/05)(d)   VMP Mortgage Solutions, Inc. (800)521-7291
CONV/VA

Form 3005 1/01

*S.T.*



DOC ID #: 00015286980611006

Borrower's address is
6405 COSMOS COURT, ROCKLIN, CA 95677-4532
Borrower is the trustor under this Security Instrument.
(C) "Lender" is
AMERICA'S WHOLESALE LENDER
Lender is a CORPORATION
organized and existing under the laws of NEW YORK
Lender's address is
4500 Park Granada MSN# SVB-314, Calabasas, CA 91302-1613
(D) "Trustee" is
ReconTrust Company, N.A
225 West Hillcrest Dr., MSN TO-02, Thousand Oaks, CA 91360
(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(F) "Note" means the promissory note signed by Borrower and dated NOVEMBER 07, 2006 . The Note states that Borrower owes Lender
FOUR HUNDRED SEVENTEEN THOUSAND and 00/100

Dollars (U.S. $ 417,000.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than DECEMBER 01, 2036 .
(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(M) "Escrow Items" means those items that are described in Section 3.
(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii)

S. T.

DOC ID #: 00015286980611006

conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(O) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(P) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(Q) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(R) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the COUNTY of ~~CALAVERAS~~ *Placer* :

[Type of Recording Jurisdiction]                    [Name of Recording Jurisdiction]

LOT 30, AS SHOWN ON THE PLAT OF "ROCK EIGHT - PHASE 1", FILED OCTOBER 21, 2002, IN BOOK "Y" OF MAPS, PAGE 43, OFFICE OF THE RECORDER, PLACER COUNTY.

Parcel ID Number: 046500030000                    which currently has the address of
6405 COSMOS COURT, ROCKLIN
[Street/City]
California 95677-4532 ("Property Address"):
[Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including,

S.T.

DOC ID #: 00015286980611006

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ *S. Tiskiy* _____ (Seal)
SVETLANA TISKIY                               -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

LOAN #: 152869806

# FIXED/ADJUSTABLE RATE RIDER

(LIBOR One-Year Index (As Published In *The Wall Street Journal*) - Rate Caps)

THIS FIXED/ADJUSTABLE RATE RIDER is made this SEVENTH          day of
NOVEMBER, 2006    , and is incorporated into and shall be deemed to amend and supplement the
Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the
undersigned ("Borrower") to secure Borrower's Fixed/Adjustable Rate Note (the "Note") to
AMERICA'S WHOLESALE LENDER

("Lender") of the same date and covering the property described in the Security Instrument and located at:
6405 COSMOS COURT
ROCKLIN, CA 95677-4532
[Property Address]

**THE NOTE PROVIDES FOR A CHANGE IN BORROWER'S FIXED INTEREST RATE
TO AN ADJUSTABLE INTEREST RATE. THE NOTE LIMITS THE AMOUNT
BORROWER'S ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME
AND THE MAXIMUM RATE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

**A.   ADJUSTABLE RATE AND MONTHLY PAYMENT CHANGES**
The Note provides for an initial fixed interest rate of          5.625 %. The Note also
provides for a change in the initial fixed rate to an adjustable interest rate, as follows:

**4.   ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**
**(A) Change Dates**
The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of
DECEMBER, 2011    , and the adjustable interest rate I will pay may change on that day every
12th month thereafter. The date on which my initial fixed interest rate changes to an adjustable interest rate,
and each date on which my adjustable interest rate could change, is called a "Change Date."

• FIXED/ARM Rider
Interest First/Only LIBOR One-Year Index
1E460-US (10/05)(d)              Page 1 of 5




LOAN #: 152869806

**(B) The Index**

Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding TWO & ONE-QUART percentage points ( 2.250 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment. For payment adjustments occurring before the First Principal and Interest Payment Due Date, the amount of my monthly payment will be sufficient to repay all accrued interest each month on the unpaid principal at the new interest rate. If I make a voluntary payment of principal before the First Principal and Interest Payment Due Date, my payment amount for subsequent payments will be reduced to the amount necessary to repay all accrued interest on the reduced principal balance at the current interest rate. For payment adjustments occurring on or after the First Principal and Interest Payment Due Date, the amount of my monthly payment will be sufficient to repay unpaid principal and interest that I am expected to owe in full on the Maturity Date at the current interest rate in substantially equal payments.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 10.625 % or less than 2.250 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than 10.625 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

Before the effective date of any change in my interest rate and/or monthly payment, the Note Holder will deliver or mail to me a notice of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

1. Until my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument shall read as follows:

• FIXED/ARM Rider
Interest First/Only LIBOR One-Year Index
1E460-US (10/05)                    Page 2 of 5

LOAN #: 152869806

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

2. When my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument described in Section B.1 above shall then cease to be in effect, and the provisions of Uniform Covenant 18 of the Security Instrument shall be amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

LOAN #: 152869806

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

LOAN #: 152869806

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Fixed/Adjustable Rate Rider.

_____ *S. Tiskiy* _____(Seal)
SVETLANA TISKIY                                    -Borrower

_____(Seal)
                                                   -Borrower

_____(Seal)
                                                   -Borrower

_____(Seal)
                                                   -Borrower

• FIXED/ARM Rider
Interest First/Only LIBOR One-Year Index
1E460-US (10/05)                Page 5 of 5

22



# California Business Portal
### Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of APR 24, 2009 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. (MERS) | | |
| **Number:** C2416221 | **Date Filed:** 5/21/2002 | **Status:** suspended |
| **Jurisdiction:** California | | |
| **Address** | | |
| 2216 16TH STREET | | |
| SACRAMENTO, CA 95818 | | |
| **Agent for Service of Process** | | |
| ** RESIGNED ON 03/25/2009 | | |
| | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

*Exhibit C*

LANDSAFE TITLE

RECORDING REQUESTED BY:
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

WHEN RECORDED MAIL TO:
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063
TS No. 09-0046501
Title Order No. 09-8-139282   *5*



PLACER, County Recorder
JIM MCCAULEY
DOC- 2009-0068011-00
Check Number  1569sm
Monday, AUG 03, 2009 10:49:25
MIC    $3.00:AUT    $2.00:SBS    $1.00
ERD    $1.00:RED    $1.00:REC    $4.00
Tt1 Pd    $12.00    Rcpt # 0001953815
smm/SM/1-2

APN No. 046-500-030

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 11/07/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

Notice is hereby given that RECONTRUST COMPANY, N.A., as duly appointed trustee pursuant to the Deed of Trust executed by SVETLANA TISKIY, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY, dated 11/07/2006 and recorded 11/21/2006, as Instrument No. 2006-0125496-00, in Book , Page  of Official Records in the office of the County Recorder of PLACER County, State of California, will sell on 08/19/2009 at 10:00 AM, At the main entrance to the Municipal Courthouse, 11546 "B" Avenue, Auburn, CA 95603

at public auction, to the highest bidder for cash or check as described below, payable in full at time of sale, all right, title, and interest conveyed to and now held by it under said Deed of Trust, in the property situated in said County and State and as more fully described in the above referenced Deed of Trust. The street address and other common designation, if any, of the real property described above is purported to be: 6405 COSMOS COURT, ROCKLIN, CA 95677-4532. The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

The total amount of the unpaid balance with interest thereon of the obligation secured by the property to be sold plus reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $443,834.40. It is possible that at the time of sale the opening bid may be less than the total indebtedness due.

In addition to cash, the Trustee will accept cashier's checks drawn on a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state.

Said sale will be made, in an "AS IS" condition, but without covenant or warranty, express or implied, regarding title, possession or encumbrances, to satisfy the indebtedness secured by said Deed of Trust, advances thereunder, with interest as provided, and the unpaid principal of the Note secured by said Deed of Trust with interest thereon as provided in said Note, plus fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.
If required by the provisions of Section 2923.5 of the California Civil Code, the declaration from the mortgagee, beneficiary or authorized agent is attached to the Notice of Trustee's Sale duly recorded with the appropriate County Recorder's office.

RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063
Phone/Sale Information: (800) 281-8219

By: _____
Manjit Ghataura, Team Member

RECONTRUST COMPANY, N.A. is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

*Form nos (07/01)*

**LANDSAFE TITLE**

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

RECONTRUST COMPANY, N.A.
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

Attn: Darlene R. Gomez
TS No. 09-0046501
Title Order No. 09-8-139282 



PLACER, County Recorder
JIM MCCAULEY
DOC- 2009-0030471-00
Check Number 9927bj
Wednesday, APR 15, 2009 10:35:20
MIC    $3.00|AUT    $3.00|SBS    $2.00
ERD    $1.00|RED    $1.00|REC    $5.00
Ttl Pd    $15.00    Rcpt # 0001908122
ST2/BJ/1-3

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

### NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

## IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,

and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded ( which date of recordation appears on this notice).

This amount is **$10,490.14, as of 04/13/2009** and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations ( such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

[Page 1 of 2 ]

*Form nod (09/01)*

TS No. 09-0046501

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Beneficiary
C/O Countrywide Home Loans, Inc
400 COUNTRYWIDE WAY  SV-35
SIMI VALLEY, CA  93065
FORECLOSURE DEPARTMENT (800) 669-6650

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.  Remember,

## YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN THAT: RECONTRUST COMPANY, N.A., is acting as an agent for the Beneficiary under a Deed of Trust dated 11/07/2006, executed by SVETLANA TISKIY, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY as Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as beneficiary recorded 11/21/2006, as Instrument No. 2006-0125496-00 (or Book , Page ) of Official Records in the Office of the County Recorder of Placer County, California.

Said obligation including ONE NOTE FOR THE ORIGINAL sum of $ 417,000.00.

That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of :  FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL AND INTEREST  WHICH BECAME DUE ON  12/01/2008  AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL AND INTEREST, TOGETHER WITH ALL LATE CHARGES; PLUS ADVANCES MADE AND COSTS INCURRED BY THE BENEFICIARY INCLUDING FORECLOSURE FEES AND COSTS AND/OR ATTORNEYS' FEES.  IN ADDITION, THE ENTIRE PRINCIPAL AMOUNT WILL BECOME DUE ON 12/01/2036 AS A RESULT OF THE MATURITY OF THE OBLIGATION ON THAT DATE.

That by reason thereof, the present beneficiary under such deed of trust has executed and delivered to RECONTRUST COMPANY, N.A. such deed of trust and all documents evidencing obligations secured  thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable  and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

If required by the provisions of Section 2923.5 of the California Civil Code, the declaration from the mortgagee, beneficiary or authorized agent is attached to the Notice of Default duly recorded with the appropriate County Recorder's office.

Dated: April 13, 2009
RECONTRUST COMPANY, N.A., as agent for the Beneficiary
By LandSafe Title Corporation, as its Attorney in Fact

By _____
    ✗ Katie Mc Clelland, Agent

   ✗ KATIE Mc CLELLAND

[Page 2 of 2 ]

Svetlana Tiskiy                                              CASE NO:

                    Plaintiffs,

vs.

BANK OF AMERICA HOME LOANS/COUNTRYWIDE

                    Defendant:

_____

## REQUEST FOR PRODUCTION OF DOCUMENT

Plaintiffs Svetlana Tiskiy requests Defendant, BANK OF AMERICA HOME LOANS/Countywide produce, within thirty (30) days of the service hereof, at 6405 COSMOS COURT ROCKLIN CA 95677 the original Promissory Note signed by Plaintiffs on  November 07, 2006.

Date ___09/09/09___                    ___S. Tiskiy___
                                           SVETLANA TISKIY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished by U.S. Mail to: BANK OF AMERICA HOME LOANS/COUNTRYWIDE, 100 North Telon street. Charlotte NC 28255 , On this ___9___ day of ___Sept.___ , 2009

                                   ___S. Tiskiy___
                                       Signature

# EXHIBIT 2



Berrie Goldman
Direct: (415) 675-3436
Fax: (415) 675-3636
berric.goldman@bryancave.com

November 2, 2009

**VIA U.S. MAIL**

Svetlana Tiskiy
6405 Cosmos Ct.
Rocklin, CA 95677

Re:    Tiskiy v. Bank of America Home Loans, Placer County Case No. SCV25779

Dear Ms. Tiskiy:

I am in receipt of the Summons & Complaint you filed in Placer County Superior
Court in the above-referenced matter on September 9, 2009. Enclosed please find a
completed Notice and Acknowledgement of Receipt. The signed Notice sent to you
last week inadvertently omitted the signature date.

Very truly yours,

Berrie Goldman

Enclosure

**Bryan Cave LLP**

2 Embarcadero Center
Suite 1410
San Francisco, CA 94111
Tel (415) 675-3400
Fax (415) 675-3434
www.bryancave.com

Chicago
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
Kuwait
London
Los Angeles
Milan
New York
Phoenix
Shanghai
St. Louis
Washington, DC

**Bryan Cave International Trade**
*A TRADE CONSULTING SUBSIDIARY*
*OF NON-LAWYER PROFESSIONALS*

www.bryancavetrade.com

Bangkok
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

**Bryan Cave Strategies**
*A GOVERNMENT RELATIONS AND*
*POLITICAL AFFAIRS SUBSIDIARY*
www.bryancavestrategies.com

Washington, DC
St. Louis

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Svetlana Tiskiy
6405 Cosmos Ct
Rocklin, CA 95677

TELEPHONE NO: 916-640-6827        FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**RECEIVED**

**SEP 1 7 '09**

**FL - LOPD**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Placer
STREET ADDRESS: 10820 Justice Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Roseville, CA 95678
BRANCH NAME: Bill Santucci Justice Center

PLAINTIFF/PETITIONER: Svetlana Tiskiy

DEFENDANT/RESPONDENT: Bank of America Home Loans

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: |
|---|---|

TO (insert name of party being served): Bank of America Home Loans

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 09/10/2009

Vira Feytser
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):
   Request of Production of Document
   Proof of Service
   Notice of Acknowledgment of Receipt

**LEGAL DEPARTMENT**
**RECEIVED**

**SEP 2 4 2009**

**SAN FRANCISCO.**
**BANK OF AMERICA, N.A.**

(To be completed by recipient):

Date this form is signed: 10/26/09
Berrie R. Goldman, on behalf of
Countrywide Home Loans, Inc.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)
(erronously sued as Bank of
America Home Loans)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
Attorney for Defendant
Countrywide Home Loans, Inc.

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

FedEX - FL LOP

# EXHIBIT 3

1  **BRYAN CAVE LLP**
   Robert A. Padway, California Bar No. 48439
2  Berrie R. Goldman, California Bar No. 246061
   Two Embarcadero Center, Suite 1410
3  San Francisco, CA 94111-3907
   Telephone:    (415) 675-3400
4  Facsimile:    (415) 675-3434
   Email:        berrie.goldman@bryancave.com
5                robert.padway@bryancave.com

6  **BRYAN CAVE LLP**
   Robert E. Boone III, California Bar No. 132780
7  120 Broadway, Suite 300
   Santa Monica, CA  90401-2386
8  Telephone:    (310) 576-2100
   Facsimile:    (310) 576-2200
9  Email:        reboone@bryancave.com

10 Attorneys for Defendants
   COUNTRYWIDE HOME LOANS, INC., d/b/a AMERICA'S WHOLESALE LENDER (also
11 sued as BANK OF AMERICA HOME LOANS); RECONTRUST COMPANY, N.A.; and
   MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

12

13

14              SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                    FOR THE COUNTY OF PLACER

16

17 SVETLANA TISKIY                    Case No. SCV25779

18          as individuals;          **NOTICE TO ADVERSE PARTY AND
                                      STATE COURT OF REMOVAL OF
19          Plaintiffs,              CIVIL ACTION TO FEDERAL COURT**

20          v.                        Complaint Filed:   September 9, 2009
                                      Trial Date:        Not Assigned
21 BANK OF AMERICA HOME LOANS;
   COUNTRYWIDE HOME LOAN;
22 AMERICA'S WHOLESALE LENDER;
   RECONTRUST COMPANY, N.A.; and
23 MORTGAGE ELECTRONIC
   REGISTRATION SYSTEMS, INC.

24          Defendants.

25

26

27

28

SF01DOCS\15293.1                       1

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

1    **TO PLAINTIFF SVETLANA TISKIY, HER ATTORNEY OF RECORD, AND THE**

2   **CLERK OF THE ABOVE-ENTITLED COURT:**

3    **PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. § 1446(d), a Notice of Removal

4   of this Action was filed in the United States District Court for the Eastern District of California on

5   November 24, 2009 for the purpose of removing this action to federal court. A copy of the said

6   Notice of Removal is attached to this Notice as Exhibit "A" and is served and filed herewith.

7    Pursuant to 28 U.S.C. § 1446(d), this Court need take no further action with respect to this

8   case "unless and until the case is remanded."

9

10   Dated: November 24, 2009         **BRYAN CAVE LLP**

11                                    Robert A. Padway

                                   Berrie R. Goldman

12

13                              By:_____*Berrie Goldman*_____

14                                   Berrie R. Goldman

                                   Attorneys for Defendants

15                                  COUNTRYWIDE HOME LOANS, INC.,

                                 d/b/a AMERICA'S WHOLESALE LENDER

16                                  (also sued as BANK OF AMERICA HOME

                                 LOANS), RECONTRUST COMPANY, N.A., and

17                                  MORTGAGE ELECTRONIC  REGISTRATION

                                 SYSTEMS, INC.

18

19

20

21

22

23

24

25

26

27

28

*Left margin (vertical):* BRYAN CAVE LLP — TWO EMBARCADERO CENTER, SUITE 1410 — SAN FRANCISCO, CA 94111-3907