IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SVETLANA TISKIY,

      Plaintiff,                      No. CIV.S. 09-3281 FCD GGH PS

    vs.

BANK OF AMERICA HOME LOANS, et al.,

      Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Previously pending on this court's law and motion calendar for February 4, 2010, was a motion to dismiss by defendants Countrywide Home Loans, Inc. d/b/a/ America's Wholesale Lender, Recontrust Company, N.A., and Mortgage Electronic Registration Systems, Inc.[1] Plaintiff made no appearance.[2] Robert Padway appeared for all defendants. For the reasons stated in this opinion, the court recommends that defendants' motion to dismiss be granted.

---

[1] Named defendant Bank of America Home Loans is a non-existent entity.

[2] Plaintiff called the courtroom clerk immediately after the hearing ended, and filed two statements indicating that she had gone to the undersigned's former courtroom on the 8th floor, but was not notified that the courtroom had changed to the 13th floor. The court apologizes for any lack of notice; however, the motion and opposition clearly indicate that a hearing was not necessary, and it would not have changed the outcome of this decision.

1

BACKGROUND

Defendants removed this action from state court on November 24, 2009. The complaint, filed September 9, 2009, seeks to prevent a foreclosure sale based on alleged violations by defendants. Plaintiff entered into a loan agreement with America's Wholesale Lender on November 7, 2006. (Compl. ¶ 10; Ex. A; Defs.' Ex. A.) Plaintiff was served with a Notice of Default on April 15, 2009, and with a Notice of Trustee's Sale on August 19, 2009. (Id. at ¶¶ 11, 12; Ex. C.) The complaint alleges claims under the Real Estate Settlement Procedures Act ("RESPA"), the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), the Fair Debt Collection Practices Act ("FDCPA"), and state law claims for quiet title, rescission under Cal. Civ. Code § 1632, rescission based on fraud, unfair business practices under Cal. Bus. and Prof. Code § 17200 et seq., breach of fiduciary duty, and breach of the covenant of good faith and fair dealing. Plaintiff seeks declaratory and injunctive relief, as well as damages.

DISCUSSION

I.  LEGAL STANDARD FOR MOTION TO DISMISS (12(b)(6)

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

II. ANALYSIS

A. Federal Debt Collections Practices Act (15 U.S.C. § 1692) and Rosenthal FDCPA (Cal. Civ. Code § 1788.1(b))

Plaintiff raises the FDCPA in her fourth and fifth causes of action, for unfair debt collection practices and for unfair business practices, respectively. Plaintiff alleges that she purchased a residential property, and entered into a loan agreement secured by a first deed of

3

trust. She further alleges, in essence, that a mortgage (trust deed) servicing company, ReconTrust Company, instituted non-judicial foreclosure proceedings against her because of an alleged default.[3]

In 1977 Congress enacted the Fair Debt Collection Practices Act (FDCPA) in response to national concern over "the use of abusive, deceptive and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The purpose of the FDCPA is "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." S. Rep. No. 382, 95th Cong., 1st Sess. 1-2, reprinted in 1977 U.S. Code Cong & Ad. News 1695, 1696.

> The FDCPA defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes ..." 15 U.S.C. § 1692a(5); see also Bloom v. I.C. Sys. Inc., 972 F.2d 1067, 1068-69 (9th Cir.1992) (explaining that the FDCPA applies to debts incurred for personal rather than commercial reasons). The Act defines "consumer" as "any natural person obligated ... to pay any debt." Id. § 1692a(3). The Act does not define "transaction," but the consensus judicial interpretation is reflected in the Seventh Circuit's ruling that the statute is limited in its reach "to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1326 (7th Cir.1997) (citing Shorts v. Palmer, 155 F.R.D. 172, 175-76 (S.D.Ohio 1994).

Turner v. Cook, 362 F.3d 1219, 1227 (9th Cir. 2004).

Under the FDCPA, a "debt collector" "means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a(6). Excepted is "any person collecting or attempting to collect any debt owed or due or asserted to be

---

[3]According to the loan documents attached to defendant's motion, and of which this court will take judicial notice, ReconTrust was the trustee under the trust deed instrument.

4

owed or due another to the extent such activity ...(iii) concerns a debt which was not in default at the time it was obtained by such person ...." 15 U.S.C.A. § 1692a(6)(F).

"[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985), *mod. on other grounds*, 761 F.2d 237 (5th Cir. 1985). Foreclosure on a property based on a deed of trust does not constitute collection of a debt within the meaning of the FDCPA. Hulse v. Ocwen Federal Bank, FSB, 195 F.Supp.2d 1188, 1204 (D.Or.2002).

There is authority contrary to Hulse; see e.g., Wilson v. Draper & Goldberg, 443 F.3d 373, 376 (4th Cir. 2006). In Wilson, the Fourth Circuit refused to follow Hulse reasoning that a "debt" remained a "debt" even after foreclosure. Id. While that may be true in the jurisdiction pertinent to the Wilson case, it is not true in California. With exceptions not applicable here, a lender/trustee may *not* seek a deficiency judgment when foreclosing on a property in a non-judicial trustee foreclosure/sale. Cal. Code Civ. P. §§ 580d, 726. Thus, in California, a debt derived from the residential loan transaction does not exist after a non-judicial foreclosure. The court therefore finds Hulse persuasive in its analysis when dealing with California foreclosures.

Based on Hulse authority, plaintiff's claim under the FDCPA must be dismissed without leave to amend.

Plaintiff's claim under the Rosenthal FDCPA fails for the same reasons. Rogers v. Cal State Mortg. Co. Inc., 2010 WL 144861, *12 (E.D. Cal. 2010).

B. Home Ownership and Equity Protection Act of 1994

Plaintiff raises the HOEPA in her seventh and eighth causes of action.

The HOEPA in part prohibits the extension of credit without regard to the consumer's ability to pay. 15 U.S.C. § 1639(h):

A creditor shall not engage in a pattern or practice of extending

        credit to consumers under mortgages referred to in section 1602(aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment.

Section 1602(aa) expressly excludes residential mortgage transactions. 15 U.S.C. § 1602(aa). "A mortgage referred to in this subsection means a consumer credit transaction that is secured by the consumer's principal dwelling, other than a residential mortgage transaction...." Id.

        The term 'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling.

Id., §1602(w).

The loan plaintiff obtained was a loan upon which a deed of trust was recorded. Therefore, plaintiff's loan constitutes a residential mortgage transaction. Plaintiff's claim under HOEPA is therefore legally deficient and must be dismissed without leave to amend.

        C.  Real Estate Settlement Procedures Act

Plaintiff's claims under RESPA are similarly deficient. 12 U.S.C. § 2605(e)(1) requires the servicer to provide information relating to the servicing of the loan upon a qualified written request by the borrower. Although plaintiff refers to RESPA in her fourth and fifth causes of action, she makes only a conclusory allegation that defendants violated this statute, with no supporting facts whatsoever. (Compl. ¶¶ 38, 42.) "'Naked assertion[s]' devoid of 'further factual enhancement'" are not sufficient. Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Furthermore, plaintiff seeks only injunctive relief for these causes of action and RESPA permits monetary damages only. (Compl. ¶¶ 39, 45, 47.) Amodo v. Homeq Servicing

Corp., 2010 WL 347730 (E.D. Cal. 2010).  A failure to allege a pecuniary loss will not support a RESPA violation.  "Whoever fails to comply with .. this section shall be liable to the borrower for ... any actual damages to the borrower as a result of the failure ...."  12 U.S.C. § 2605(f)(1)(A).  See also Hutchinson v. Del. Sav. Bank FSB, 410 F.Supp.2d 374, 383 (D.N.J.2006) (finding plaintiff must not only allege a breach of RESPA duties, but also must allege that the breach resulted in actual damages).  For these reasons, plaintiff fails to state a claim under RESPA.

        D.  State Law Claims

As there are no federal claims remaining against these defendants, this court declines to exercise supplemental jurisdiction over plaintiff's possible state law claims.  See 28 U.S.C. § 1367(c)(3) (The district courts may decline to exercise supplemental jurisdiction over a claim ...if – the district court has dismissed all claims over which it has original jurisdiction"); see also, Acri v. Varian Associates, Inc., 114 F.3d 999, 1000-1001 (9th Cir. 1997) (" 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims' "), quoting Carnegie-Mellon University. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S. Ct. 614, 619, n. 7 (1988).  The pendent state claims are hereby dismissed without prejudice.

CONCLUSION

Accordingly, IT IS ORDERED that defendants' motion to strike irrelevant filings, (dkt. #4), is denied as unnecessary.

For the reasons stated herein, IT IS RECOMMENDED that defendants' motion to dismiss, filed December 3, 2009, (dkt. # 4), be granted and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 04/30/10

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH/076/Tiskiy3281.mtd.wpd